United States District Court
Southern District of New York

7:21-cv-00319

Sarah Binns, individually and on behalf of all others similarly situated,

Plaintiff,

- against -

Class Action Complaint

HP Hood LLC,

Defendant

Plaintiff alleges upon information and belief, except for allegations pertaining to plaintiff, which are based on personal knowledge: 6 Kimball Ln Ste 400 Lynnfield MA 01940-2685

1. HP Hood LLC ("defendant") manufactures, distributes, markets, labels and sells "vanilla bean" ice cream – "Vanilla Ice Cream With Ground Vanilla Beans" ("Product").



2.    The Product's ingredients also indicate "Ground Vanilla Beans."

INGREDIENTS: MILK, CREAM, SUGAR, CORN SYRUP, NONFAT MILK, HIGH FRUCTOSE CORN SYRUP, WHEY, NATURAL FLAVOR, MONO & DIGLYCERIDES, GUAR GUM, LOCUST BEAN GUM, POLYSORBATE 80, GROUND VANILLA BEANS AND CARRAGEENAN.

3.    Vanilla beans come from the orchid plant of vanilla (*Vanilla planifolia Andrews* and *Vanilla tahitenis Moore*), that originated in Mexico where it was first cultivated.

4.    The vanilla orchid produces a fruit pod, the vanilla bean, which is the raw material for vanilla flavorings.

5.    Vanilla's unique and layered flavor is due to the many odor-active compounds in vanilla beans, including acids, ethers, alcohols, acetals, heterocyclics, phenolics, hydrocarbons, esters and carbonyls.

6.    The popularity of vanilla in the 19th century led to the isolation of the most predominant flavor component, vanillin.

7.    The availability of low-cost vanillin resulted in foods purporting to contain vanilla, which either contained no vanilla or a trace or de minimis amount, boosted by synthetic vanillin.

8.    However, vanillin without any of the other flavor compounds in vanilla cannot produce the familiar flavor and aroma consumers know as vanilla.

9.    For instance, sensory evaluation of vanillin is mainly sweet, with a lackluster "chemical-like" taste and odor because it lacks the other molecules in vanilla.

10. The main usage of vanilla is in ice cream, as vanilla and vanilla bean are the most popular varieties.

11. Vanilla and vanilla bean ice cream are made with similar ingredients – milk, cream, sugar and vanilla.[1]

12. The difference lies in the type of vanilla ingredients used for the vanilla flavor – vanilla extract and vanilla beans.

**Vanilla Extract**     **Vanilla Beans**



13. In vanilla bean ice cream, the flavor is from the seeds contained in the vanilla bean, known as the "pod."

14. The seeds are scraped out of the vanilla bean and added to the ice cream.

[1] Comparing The Different Flavors Of Vanilla Ice Cream, April 6th, 2017, KalScoops.com.



15.     Vanilla ice cream (regular) is flavored by vanilla extract, the solution which results from the extraction of the concentrated vanilla flavor from the seeds.[2]

16.     Vanilla bean ice cream has a more intense vanilla taste than regular vanilla ice cream because the seeds are a more concentrated source of flavor.

17.     In the past, consumers could tell where a product was real vanilla bean ice cream because it had tiny black specks.

18.     Consumers who rely on the representations of "Vanilla Bean" will see brown specks in the Product and believe these vanilla beans were used to provide flavor to the ice cream.

 

---

[2] Jenna Baker, How to use Vanilla Extract, Beans, Paste, Flavor and more!, RodelleKitchen.com, February 5, 2019.

 

19.    Unfortunately, such a belief would be mistaken because these "[ground] vanilla bean seeds are purely aesthetic. They offer no additional flavoring."[3]

20.    The dark specks in Defendant's "Vanilla Bean" ice cream are a byproduct of producing vanilla extract, as explained by Cook's Vanilla:

> When flavor houses extract vanilla beans to make vanilla extract, the goal is to extract all possible flavor from the bean, including its seeds. After the vanilla extract has percolated for an optimal time, the vanilla bean pods and seeds sink to the bottom and are filtered from the extract.[4]

21.    These vanilla bean seeds are "'exhausted' because all flavor has been extracted."

22.    In the past, it was common for the exhausted seeds to be provided to the commercial purchasers of vanilla.

23.    However, the increasing demand for vanilla over the past 10 years has caused a spike in demand for the spent seeds, even while demand for vanilla extract has declined.

24.    The conclusion is that exhausted vanilla bean seeds are being used to give the appearance of real vanilla, even though they are incapable of imparting any flavor.

25.    Consumers are unable to discover that

26.    Defendant's Vanilla Bean Ice Cream likewise contains exhausted vanilla bean

---

[3] Vanilla Bean Ice Cream: A Troubling New Trend, Harmony Valley Ice Cream, August 20, 2019.
[4] Vanilla Bean Seeds – A Troubling New Trend, Cook's Vanilla, June 13, 2019.

specks, which deceives consumers because they are unaware that the seeds are added to the Product after all flavor has been removed.

27.    Consumers are unable to know that the "Ground Vanilla Beans" do not contain any vanilla flavor and should be listed as "exhausted vanilla bean seeds."

**INGREDIENTS:** MILK, CREAM, SUGAR, CORN SYRUP, NONFAT MILK, HIGH FRUCTOSE CORN SYRUP, WHEY, NATURAL FLAVOR, MONO & DIGLYCERIDES, GUAR GUM, LOCUST BEAN GUM, POLYSORBATE 80, ==GROUND VANILLA BEANS== AND CARRAGEENAN.

28.    The conclusion that the Product contains exhausted vanilla bean seeds is based on several facts.

29.    First, unexhausted vanilla bean seeds which contain flavoring constituents are several times larger than the specks in the Product, which lack any flavoring.

30.    Second, if the "Ground Vanilla Beans" provided vanilla flavor to the Product, there would be no need to also contain the "Natural Flavor" ingredient.[5]

31.    The presence of "Natural Flavor" is a tacit acknowledgement that the ground vanilla beans are intended for visual effect.

32.    The International Dairy Foods Association (IDFA) advises that vanilla bean ice cream should only contain flavoring from vanilla beans.

33.    The ice cream labeling regulations require that where a product is labeled "vanilla

---

[5] Defendant's vanilla bean ice cream contains more "locust bean [gum]" than vanilla beans.

bean," "strawberry," etc., the flavor must only come from the characterizing flavor – such as vanilla beans or strawberries. 21 C.F.R. § 135.110(f)(2)(i).

34.    Defendant knows consumers will pay more for the Product because the front label states "Vanilla Bean" along with a picture of the ice cream with brown specks.

35.    Defendant's marketing is designed to – and does – deceive, mislead, and defraud Plaintiff and consumers.

36.    Defendant misrepresented the Product through affirmative statements and omissions.

37.    Defendant sold more of the Product and at higher prices than it would have in absence of this misconduct, resulting in additional profits at the expense of consumers.

38.    The value of the Product that plaintiff purchased, used and/or consumed was materially less than its value as represented by defendant.

39.    Had plaintiff and the proposed class members known the truth, they would not have bought the Product or would have paid less for it.

40.    As a result of the false and misleading labeling, the Product is sold at a premium price, approximately no less than $4.79 per 1.5 QT, excluding tax, compared to other similar products represented in a non-misleading way and higher than the price of the Product if it was to be represented in a non-misleading way.

Jurisdiction and Venue

41.    Jurisdiction is proper pursuant to Class Action Fairness Act of 2005 ("CAFA"). 28 U.S.C. § 1332(d)(2).

42.    Under CAFA, district courts have "original federal jurisdiction over class actions involving (1) an aggregate amount in controversy of at least $5,000,000; and (2) minimal diversity[.]" *Gold v. New York Life Ins. Co.*, 730 F.3d 137, 141 (2d Cir. 2013).

43.     Plaintiff Sarah Binns is a citizen of New York.

44.     Defendant HP Hood LLC is an Delaware limited liability company with a principal place of business in Lynnfield, Essex County, Massachusetts and upon information and belief, Defendant has at least one member who is not a citizen of New York.

45.     Diversity exists because plaintiff Sarah Binns and defendant's members are citizens of different states.

46.     Upon information and belief, sales of the Product and statutory and other monetary damages, exceed $5 million during the applicable statutes of limitations, exclusive of interest and costs.

47.     Venue is proper because a substantial part of the events or omissions giving rise to the claim occurred here – plaintiff's purchase of the Product.

48.     Venue is further supported because many class members reside in this District.

Parties

49.     Plaintiff Sarah Binns is a citizen of Highland Falls, Orange County, New York.

50.     Defendant HP Hood LLC is a Delaware limited liability company with a principal place of business in Lynnfield, Massachusetts, Essex County.

51.     Defendant is one of the nation's largest producers of dairy products.

52.     Though Defendant's roots are in New England, it has expanded throughout the Eastern Seaboard of the United States within the past 15 years, and its products are sold from Maine to Maryland, in grocery stores of third-parties.

53.     During the relevant statutes of limitations for each cause of action alleged, plaintiff purchased the Product within her district and/or State in reliance on its representations and omissions.

54.     Plaintiff bought the Product on one or more occasions within the statute of limitations

from one or more locations, including in or around March 2020 from Walmart, 1201 NY-300 Newburgh, NY 12550.

55.    Plaintiff bought the Product at or exceeding the above-referenced price for because she wanted to buy a product with the qualities and attributes represented herein – vanilla from vanilla beans, like the Product said.

56.    Plaintiff would not have purchased the Product in the absence of Defendant's misrepresentations and omissions.

57.    The Products was worth less than what Plaintiff paid and she would not have paid as much absent Defendant's false and misleading statements and omissions.

58.    Plaintiff intends to, seeks to, and will purchase the Product again when she can do so with the assurance that Product's labeling is consistent with its composition and origins.

<u>Class Allegations</u>

59.    The class will consist of all purchasers of the Product who reside in New York, Maryland, Maine, Rhode Island, New Hampshire and Connecticut during the applicable statutes of limitations.

60.    Plaintiff seeks class-wide injunctive relief based on Rule 23(b) in addition to a monetary relief class.

61.    Common questions of law or fact predominate and include whether defendant's representations were and are misleading and if plaintiff and class members are entitled to damages.

62.    Plaintiff's claims and basis for relief are typical to other members because all were subjected to the same unfair and deceptive representations and actions.

63.    Plaintiff is an adequate representative because her interests do not conflict with other members.

64.     No individual inquiry is necessary since the focus is only on defendant's practices and the class is definable and ascertainable.

65.     Individual actions would risk inconsistent results, be repetitive and are impractical to justify, as the claims are modest relative to the scope of the harm.

66.     Plaintiff's counsel is competent and experienced in complex class action litigation and intends to protect class members' interests adequately and fairly.

67.     Plaintiff seeks class-wide injunctive relief because the practices continue.

<u>New York General Business Law ("GBL") §§ 349 & 350</u>
<u>(Consumer Protection Statutes)</u>

68.     Plaintiff incorporates by reference all preceding paragraphs.

69.     Plaintiff and class members desired to purchase a product which contained vanilla beans because they valued the taste of vanilla.

70.     Plaintiff and class members expected the ground vanilla beans referred to vanilla beans which had flavor and were not merely to give the false impression the Product had vanilla.

71.     Defendant's acts and omissions are not unique to the parties and have a broader impact on the public.

72.     Defendant misrepresented the Product through its statements, comparisons, omissions, ambiguities and actions.

73.     Plaintiff and class members would not have purchased the Product or paid as much if the true facts had been known, suffering damages.

<u>Negligent Misrepresentation</u>

74.     Plaintiff incorporates by reference all preceding paragraphs.

75.     Defendant had a duty to truthfully represent the Product, which it breached.

76.     This duty is based on defendant's position, holding itself out as having special

knowledge and experience in the sale of the product type.

77.    The representations took advantage of consumers' cognitive shortcuts made at the point-of-sale and their trust in defendant, a well-known and respected brand or entity in this sector.

78.    Plaintiff and class members reasonably and justifiably relied on these negligent misrepresentations and omissions, which served to induce and did induce, the purchase of the Product.

79.    Plaintiff and class members would not have purchased the Product or paid as much if the true facts had been known, suffering damages.

<u>Fraud</u>

80.    Plaintiff incorporates by reference all preceding paragraphs.

81.    Defendant misrepresented the attributes and qualities of the Product.

82.    Defendant's fraudulent intent is evinced by its failure to accurately disclose the issues described herein, when it knew not doing so would mislead consumers.

83.    Plaintiff and class members would not have purchased the Product or paid as much if the true facts had been known, suffering damages.

<u>Unjust Enrichment</u>

84.    Plaintiff incorporates by reference all preceding paragraphs.

85.    Defendant obtained benefits and monies because the Product was not as represented and expected, to the detriment and impoverishment of plaintiff and class members, who seek restitution and disgorgement of inequitably obtained profits.

<u>Jury Demand and Prayer for Relief</u>

Plaintiff demands a jury trial on all issues.

**WHEREFORE**, Plaintiff prays for judgment:

1. Declaring this a proper class action, certifying plaintiff as representative and the undersigned as counsel for the class;

2. Entering preliminary and permanent injunctive relief by directing defendant to correct the challenged practices to comply with the law;

3. Injunctive relief to remove, correct and/or refrain from the challenged practices and representations, and restitution and disgorgement for members of the class pursuant to the applicable laws;

4. Awarding monetary damages, statutory damages pursuant to any statutory claims and interest pursuant to the common law and other statutory claims;

5. Awarding costs and expenses, including reasonable fees for plaintiff's attorneys and experts; and

6. Other and further relief as the Court deems just and proper.

Dated:   January 13, 2021

Respectfully submitted,

Sheehan & Associates, P.C.
/s/Spencer Sheehan
Spencer Sheehan
60 Cutter Mill Rd Ste 409
Great Neck NY 11021-3104
Tel: (516) 268-7080
Fax: (516) 234-7800
spencer@spencersheehan.com
E.D.N.Y. # SS-8533
S.D.N.Y. # SS-2056

7:21-cv-00319
United States District Court
Southern District of New York

Sarah Binns, individually and on behalf of all others similarly situated,

Plaintiff,

- against -

HP Hood LLC,

Defendant

## Class Action Complaint

```
      Sheehan & Associates, P.C.
      60 Cutter Mill Rd Ste 409
      Great Neck NY 11021-3104
         Tel: (516) 268-7080
         Fax: (516) 234-7800
```

Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information, and belief, formed after an inquiry reasonable under the circumstances, the contentions contained in the annexed documents are not frivolous.

Dated:  January 13, 2021

/s/ Spencer Sheehan
Spencer Sheehan